☐ Original     ☐ Duplicate Original

# UNITED STATES DISTRICT COURT
for the
Eastern District of Wisconsin

| In the Matter of the Search of | ) | |
|---|---|---|
| *(Briefly describe the property to be searched* | ) | |
| *or identify the person by name and address)* | ) | Case |
| Two cellular phones, recovered from Andrew | ) | No.23-842M(NJ) |
| MISURACO and his residence, currently in law | ) | |
| enforcement possession, as further described in | ) | |
| Attachment A | ) | |

## WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

To:     Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search and seizure of the following person or property located in the    Eastern    District of    Wisconsin
*(identify the person or describe the property to be searched and give its location):*

See Attachment A.

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized):*

See Attachment B.

**YOU ARE COMMANDED** to execute this warrant on or before 2/3/2023      *(not to exceed 14 days)*
☐ in the daytime 6:00 a.m. to 10:00 p.m.    ☑ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to     Hon. Nancy Joseph     .
*(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☐ for _____ days *(not to exceed 30)*    ☐ until, the facts justifying, the later specific date of _____ .

Date and time issued: 1/20/2023 @ 3:39 p.m.

City and state:    Milwaukee, Wisconsin

*Judge's signature*

Honorable Nancy Joseph, U.S. Magistrate Judge
*Printed name and title*

| **Return** | | |
|---|---|---|
| Case No.: | Date and time warrant executed: | Copy of warrant and inventory left with: |

Inventory made in the presence of :

Inventory of the property taken and name(s) of any person(s) seized:

**Certification**

      I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: _____

_____
*Executing officer's signature*

_____
*Printed name and title*

**ATTACHMENT A**
**Property to be Search**

1.       The property to be searched are the two cellular phones, from Andrew MISURACO

and at his residence of 4357 South 20th Street, Milwaukee WI, recovered on January10,

2023, more fully described as the following, hereinafter referred as the "Devices":

   a) Blue Apple iPhone that is currently held as evidence inside the DOJ-DCI's
      Milwaukee Field Office located in Milwaukee, Wisconsin; and
   b) Black Apple iPhone with a cracked screen that is currently held as evidence
      inside the Milwaukee Police Department, Police Administration Building,
      located in Milwaukee, Wisconsin.

This warrant authorizes the forensic examination of the devices for the purposes of

identifying    the    electronically    stored    information    described    in    Attachment    B.

**ATTACHMENT B**
**Particular Things to be Seized**

1.      All records and information on the Devices described in Attachment A that relate to a violation of Title 21 U.S.C. § 841(a)(1) and 846, conspiracy to possess with the intent to distribute controlled substances, including:

      a.   Preparatory steps taken in furtherance of this crime;

      b.   Any audio, video, and/or photograph(s) files on the phone of criminal activity or of evidentiary value;

      c.   All voicemail and call records;

      d.   All text messages and call history;

      e.   Contact list, to include names, addresses, phone numbers, and/or email addresses;

      f.   All social media sites used and applications for social media sites;

      g.   Lists of customers and related identifying information;

      h.   Types, amounts, and prices of drugs trafficked as well as dates, places, and amounts of specific transactions;

      i.   Types, quantities, and prices of firearms possessed;

      j.   Any information related to sources of drugs (including names, addresses, phone numbers, or any other identifying information); and,

      k.   All bank records, checks, credit card bills, account information, and other financial records.

      l.   All internet activity;

      m.   All location data including from the phone and/or from any downloaded applications;

2.      Evidence of user attribution showing who used or owned the Devices at the time the things described in this warrant were created, edited, or deleted, such as logs, phonebooks, saved usernames and passwords, documents, and browsing history;

3.  Records evidencing the use of the Internet Protocol address to communicate with using the internet including:

   a.  records of Internet Protocol addresses used;

   b.  records of Internet activity, including firewall logs, caches, browser history and cookies, "bookmarked" or "favorite" web pages, search terms that the user entered into any Internet search engine, and records of user-typed web addresses.

As used above, the terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored, including any form of computer or electronic storage (such as flash memory or other media that can store data) and any photographic form.

This warrant authorizes a review of electronic storage media and electronically stored information seized or copied pursuant to this warrant in order to locate evidence, fruits, and instrumentalities described in this warrant. The review of this electronic data may be conducted by any government personnel assisting in the investigation, who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, and technical experts. Pursuant to this warrant, the DOJ-DCI may deliver a complete copy of the seized or copied electronic data to the custody and control of attorneys for the government and their support staff for their independent review.

# UNITED STATES DISTRICT COURT

for the

Eastern District of Wisconsin

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br><br>Two cellular phones, recovered from Andrew<br>MISURACO and his residence, currently in law<br>enforcement possession, as further described in<br>Attachment A | )<br>)<br>)<br>)<br>)<br>)<br>)    Case No. 23-842M(NJ) |

## APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A.

located in the _____Eastern_____ District of _____Wisconsin_____ , there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

- ☑ evidence of a crime;
- ☐ contraband, fruits of crime, or other items illegally possessed;
- ☐ property designed for use, intended for use, or used in committing a crime;
- ☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. § 841(a)(1) & 846 | Conspiracy to possess with the intent to distribute controlled substances. |

The application is based on these facts:

See Attached Affidavit.

- ☑ Continued on the attached sheet.
- ☐ Delayed notice of \_\_\_\_\_ days *(give exact ending date if more than 30 days:* _____ *)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

DCI SA Mitchell G. Ward
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by
_____telephone_____ *(specify reliable electronic means).*

Date: 1/20/2023

*Judge's signature*

City and state: Milwaukee, Wisconsin        Honorable Nancy Joseph, U.S. Magistrate Judge
*Printed name and title*

# AFFIDAVIT IN SUPPORT OF
## AN APPLICATION FOR A SEARCH WARRANT

I, Mitchell G Ward, a Special Agent with the Wisconsin Department of Justice-Division of Criminal Investigation (DOJ-DCI) being first duly sworn, hereby depose and state as follows:

## INTRODUCTION AND AGENT BACKGROUND

1.      I make this affidavit in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for a search warrant authorizing the examination of property— an electronic device which is currently in law enforcement possession— and the extraction from that property of electronically stored information described in Attachment B, based at least in part on personal observations, knowledge and reports written by other law enforcement investigators, which I consider to be truthful and reliable.

2.      I am a state certified law enforcement officer employed as a Special Agent with the Wisconsin Department of Justice, Division of Criminal Investigation, (DCI) and have been a sworn officer in the State of Wisconsin for over 30 years.  I am currently assigned to DCI's Milwaukee Field Office, Narcotics Bureau.  I am also a federally deputized task force officer for the United States Postal Inspection Service ("USPIS").  As such, I am an investigative or law enforcement officer of the United States within the meaning of Section 2510(7) of Title 18, United States Code, in that I am empowered by law to conduct investigations of and to make arrests for federal felony offenses.

3.      The USPIS is the primary investigative arm of the United States Postal Service ("USPS") and is charged under Title 18, United States Code, 3061 with the enforcement of laws governing the use and movement of the United States Mail, including the misuse and fraudulent schemes involving the mail, crimes relating to mail fraud, narcotics trafficking and identity theft involving the United States Mail.

4.     I have participated in numerous complex narcotics investigations which involved violations of state and federal controlled substances laws and money laundering laws including Title 21, United States Code, Sections 841(a)(1), 843(b) and 846, and Title 18, United States Code, Sections 1956 and 1957, and other related offenses.  I have had both formal training and have participated in numerous complex drug trafficking investigations, including ones using wiretaps.

5.     My training and experience include the following:

a.     Through informant interviews and extensive debriefings of individuals involved in drug trafficking, I have learned about the manner in which individuals and organizations finance, source, purchase, transport, and distribute controlled substances in Wisconsin, throughout the United States, and internationally.

b.     I have used my training and experience to locate, identify, and seize multiple types of narcotics, drugs, drug proceeds, and drug contraband.

c.     I have also relied upon informants to obtain controlled substances from drug traffickers and have made undercover purchases of controlled substances.

d.     I have extensive experience conducting street surveillance of individuals engaged in drug trafficking. I have participated in the execution of numerous search warrants where controlled substances, drug paraphernalia, and drug trafficking records were seized.

e.     I am familiar with the appearance and street names of various drugs, including marijuana, heroin, cocaine, cocaine base (unless otherwise noted, all references to crack cocaine in this affidavit is cocaine base in the form of crack cocaine), ecstasy, and methamphetamine. I am familiar with the methods used by drug traffickers to package and prepare controlled substances for sale. I know the street values of different quantities of the various controlled substances.

f.     I am familiar with the language used over the telephone and other electronic communications to discuss drug trafficking

2

and know that the language is often limited, guarded, and coded. I know the various code names used to describe controlled substances. I also know that drug traffickers often use electronic devices (such as computers and cellular phones), electronic communication services (such as e-mail and messaging services), and social media to facilitate these crimes.

g.    I know drug traffickers often register phones, mailboxes, bank accounts, electronic communication services, and other instrumentalities of drug trafficking in the names of others, also known as nominees, to distance themselves from instrumentalities used to facilitate drug trafficking.

h.    I know that drug traffickers often use electronic equipment and wireless and landline telephones to conduct drug trafficking operations.

i.    I know that drug traffickers often keep documents and records about the transportation, sourcing, ordering, sale, and distribution of controlled substances.

j.    I know that drug traffickers often use drug proceeds to purchase assets such as vehicles, property, and jewelry. I also know that drug traffickers often use nominees to purchase or title these assets in order to avoid scrutiny from law enforcement officials. I know that drug traffickers often secure drug proceeds at locations within their dominion and control, such as their residences, businesses, and storage facilities, and in safes or other secure containers.

k.    I know that drug traffickers often attempt to protect and conceal drug proceeds through money laundering, including but not limited to domestic and international banks, securities brokers, service professionals such as attorneys and accountants, casinos, real estate, shell corporations, business fronts, and otherwise legitimate businesses which generate large quantities of currency. I know it is common for drug traffickers to obtain, secrete, transfer, conceal, or spend drug proceeds, such as currency, financial instruments, precious metals, gemstones, jewelry, books, real estate, and vehicles. I know it is common for drug traffickers to maintain documents and records of these drug proceeds, such as bank records, passbooks, money drafts, transaction records, letters of credit, money orders, bank drafts, titles, ownership documents, cashier's checks, bank checks, safe deposit box keys, money

3

wrappers, and other documents relating to the purchase of financial instruments or the transfer of funds. I know drug traffickers often purchase or title assets in fictitious names, aliases, or the names of relatives, associates, or business entities to avoid detection of these assets by government agencies. I know that even though these assets are titled or purchases by nominees, the drug traffickers actually own, use, and exercise dominion and control over these assets. The aforementioned books, records, receipts, notes, ledgers, and other documents are often maintained where the traffickers have ready access. These may be stored in hard copy or soft copy on paper, computers, cellular devices, and other electronic media or electronic storage devices.

l.      I know drug traffickers maintain large amounts of currency, including in readily accessible financial accounts, to finance their ongoing drug business. I know that those involved in drug trafficking or money laundering keep records of their transactions. Because drug trafficking generates large sums of cash, drug traffickers often keep detailed records about the distribution of narcotics and the laundering of proceeds. I also know that drug trafficking and money laundering activities require the cooperation, association, and communication between and among a number of people. As a result, people who traffic in narcotics or launder money for such organizations possess documents that identify other members of their organization, such as telephone books, address books, handwritten notations, telephone bills, and documents containing lists of names and addresses of criminal associates. Such records also provide information about the identities of coconspirators who launder money and traffic drugs. I also know that drug traffickers commonly maintain addresses or telephone numbers which reflect names, addresses, or telephone numbers of their drug trafficking and money laundering associates in hard copy and soft copy on papers, books, computers, cellular devices, and other electronic media or electronic storage devices.

m.      I know drug traffickers often use electronic devices, such as telephones, cellular devices, computers, and currency counting machines to generate, transfer, count, record, or store the information described above and conduct drug trafficking and money laundering. I am familiar with computers, cellular devices, pagers, and other electronic media or electronic storage devices and their uses by drug traffickers to communicate with suppliers, customers, co-conspirators, and

4

fellow traffickers. These devices often contain evidence of illegal activities in the form of communication records, voicemail, email, text messages, video and audio clips, location information, business records, and transaction records. I know drug traffickers take, store, preserve, or maintain photographs or videos of themselves, their associates, their property, their drugs, and their drug proceeds. These traffickers usually maintain these photographs or videos on computers, cellular devices, and other electronic media or electronic storage devices. Based upon my training and experience, I know that computer hardware and software may be important to a criminal investigation in two distinct and important respects: (1) the objects themselves may be instrumentalities, fruits, or evidence of crime; and (2) the objects may have been used to collect and store information about crimes. I know the following information can be retrieved to show evidence of use of a computer or smartphone to further the drug trade: system components, input devices, output devices, data storage devices, data transmission devices, and network devices and any data contained within such systems; computer media and any data contained within such media; operating system software, application or access program disks, manuals, books, brochures, or notes, computer access codes, user names, log files, configuration files, passwords, screen names, email addresses, IP addresses, and SIM cards.

n.    I have participated in numerous drug trafficking investigations involving the seizure of computers, cellular phones, cameras, and other digital storage devices, and the subsequent analysis of electronic data stored within these devices. This has led to evidence of the crimes under investigation and corroborated information already known or suspected by law enforcement. I have regularly used electronic evidence to find proof relating to the commission of criminal offenses, including intent, motive, manner, means, and the identity of suspects and conspirators.

o.    I have also participated in the execution of numerous premises search warrants and arrests, where controlled substances, firearms, drug paraphernalia, drug proceeds, electronic devices, and records relating drug trafficking and drug proceeds were seized. I know that drug traffickers commonly have in their possession, and at their residences and other locations where they exercise dominion and control, firearms, ammunition, and records or receipts pertaining to such.

5

p.    I have been assigned to court-authorized wiretaps and have been trained to operate the equipment used to conduct such operations.

6.    I have participated in numerous investigations involving the seizure of computers, cellular phones, cameras, and other digital storage devices, and the subsequent analysis of electronic data stored within these devices. I have also participated in investigations involving the use of historical and prospective location information to identify targets, map patterns of travel, corroborate other evidence, and apprehend persons to be arrested. On numerous occasions, this electronic evidence has provided proof of the crimes being investigated and corroborated information already known or suspected by law enforcement. During the course of my investigations, I have regularly used electronic evidence relating to the commission of criminal offenses, including intent, motive, manner, means, and the identity of co-conspirators.

7.    This affidavit is based upon my personal knowledge, and upon information reported to me by other federal, state, and local law enforcement officers during the course of their official duties, all of whom I believe to be truthful and reliable. Throughout this affidavit, reference will be made to case agents. Case agents are those federal, state, and local law enforcement officers who have directly participated in this investigation, and with whom your affiant has had regular contact regarding this investigation. Because this affidavit is submitted for the limited purpose of securing authorization for search warrants, I have not included each fact known to me concerning this investigation. I have set forth only the facts that I believe are essential to establish the necessary foundation for the requested search warrants.

6

## IDENTIFICATION OF THE DEVICES TO BE EXAMINED

8.      The property to be searched are the two cellular phones, from Andrew

MISURACO and his residence at 4357 South 20th Street, Milwaukee WI, recovered on January

10, 2023, more fully described as the following, hereinafter referred as the "Devices":

    a) Blue Apple iPhone, that is currently held as evidence inside the DOJ-DCI's Milwaukee Field Office located in Milwaukee, Wisconsin; and
    b) Black Apple iPhone with a cracked screen, that is currently held as evidence inside the Milwaukee Police Department, Police Administration Building, located in Milwaukee, Wisconsin.

9.      The applied-for warrant would authorize the forensic examination of the Devices

for the purpose of identifying electronically stored data particularly described in Attachment B.

## PROBABLE CAUSE

10.      I am currently participating in an investigation of cocaine, marijuana, MDMA,

acid and ketamine trafficking, possession of machinegun, and possession of firearms by

prohibited persons involving Austin MISURACO, aka "Stewie," Andrew MISURACO, Andrew

CRAWFORD, Darlin CONTRERAS-LANTIGUA, aka "papa," and other known and unknown

individuals.  I am familiar with the facts and circumstances regarding this investigation as a

result of my personal participation in this investigation, and my review of: (a) consensually

recorded telephone conversations and face-to-face meetings; (b) reports prepared by, and

information obtained from, other federal, state, and local law enforcement agents and officers;

(c) information obtained from numerous witnesses, including confidential sources; (d) controlled

buys; (e) documentary evidence; (f) physical and electronic surveillance; and (g) physical

seizures.

11. On Tuesday, April 13, 2021, Milwaukee Police Department (MPD) executed a search warrant at 8631 North Servite Drive, unit 215, Milwaukee Wisconsin, following a fleeing incident involving Austin MISURACO. The target of the search warrant was Austin D. MISURACO XX/XX/1996 along with a 2015, silver four door Dodge Charger (vin#2C3CDXGJ6FH833349). Officers recovered $138,848.00 in US currency, a Bushmaster .556 semiautomatic rifle, a F&N 5.7 semiautomatic pistol, a Ruger 9mm semiautomatic pistol, approximately 18.5 grams of suspected marijuana, an electronic money counter, Austin MISURACO's iPhone 11 and documents belonging to Austin MISURACO. Officers recovered approximately 18 grams of cocaine base (packaged for sales and distribution), approximately 450 grams of suspected marijuana, a digital gram scale and empty packaging from the 2015 Dodge Charger. The empty packing consisted of a kilogram wrapper inside of a grocery bag along with dryer sheets. The cocaine residue on the packaging tested positive for the presence of cocaine. Additionally, evidence technicians from the MPD recovered latent prints from the kilogram wrapper that were identified as belonging to Austin MISURACO.

12. Law enforcement obtained a state search warrant for Austin MISURACO's Apple iPhone 11. MPD officers compiled an electronic report after the examination of Austin MISURACO's phone. I then reviewed the extraction reports. The extraction report was consistent with Austin MISURACO trafficking cocaine, MDMA, marijuana, prescription drugs, acid, and mushrooms. Austin MISURACO was using various messaging applications such as Snapchat, Telegram and Signal to facilitate the sales and distribution of narcotics in the greater Milwaukee area. Additionally, case agents observed messages in which Austin MISURACO directs members of the drug trafficking organization (DTO), including individuals identified as

8

Andrew MISURACO, Andrew CRAWFORD, and Quentin MOORE to deliver narcotics to customers throughout the greater Milwaukee Area.

13.    Upon reviewing Austin MISURACO's extraction report, case agents identified one of Austin MISURACO's distributors as his brother, Andrew MISURACO. Case agents identified Andrew MISURACO's number as 414-331-7262, his Instagram Account @whiteboybitch74, and Andrew MISURACO's Facebook account as Andrew Misuraco.

14.    Case agents reviewed messages between January of 2020 through April of 2021 from Snapchat and Native Messages, finding numerous messages between Austin MISURACO and Andrew MISURACO regarding drugs and drug trafficking. The conversations describe dollar amounts, quantity, types of narcotics, customers, and locations where drug deals are to take place.

15.    For example, on September 21, 2020, Austin MISURACO sent the following to Andrew MISURACO:

> AUSTIN MISURACO: Come over
> AUSTIN MISURACO: You gotta go do this run
> AUSTIN MISURACO: I half of it sold tonight so hurry up
> ANDREW MISURACO: Sad
> AUSTIN MISURACO: Grab the money and take you ass to Andy come drop it off
> ANDREW MISURACO: 45

16.    Based on my training, experience, and investigation into the DTO this conversation was consistent with Andrew MISURACO selling drugs on behalf of his brother Austin MISURACO.    Further, "Andy" reference by Austin MISURACO is Andrew CRAWFORD, who also was a member of the DTO.  In other conversations, Austin MISURACO gives Andrew MISURACO descriptions of customer's autos and tells Andrew the agreed upon sale price of the narcotics. The download also contains several messages referring to other

9

coconspirators by their nicknames to include "Shaggy" (Shawn Senter), "Fat" (Quentin MOORE) and "Andy" (Andrew CRAWFORD).

17.     As an example, Austin MISURACO messages Andrew MISURACO, the following:

> AUSTIN MISURACO: lol game sad an I'm not getting them no more of my coke and fat stripping them soon
> ANDREW MISURACO: He mad mad
> ANDREW MISURACO: Should of taxed they ass
> AUSTIN MISURACO: I got shaggy coming over bringing me acid

18.     Also, as part of the investigation, case agents conducted searches of publicly viewable social media accounts members of the DTO.  Case agents located a video of Andrew MISURACO and another DTO member holding large amounts of money and flashing firearms with extended magazines.  Case agents were able to obtain screen shots of the video (Figures 1, 2, and 3).

  

(Figure 1)            (Figure 2)            (Figure 3)

19.     On December 20, 2022, in the United States District Court, Eastern District of Wisconsin a Grand Jury indicted Andrew MISURACO for conspiracy to possess with the intent to distribute controlled substances in violation of Title 21, Untied States Code, Section 841(a)(1) and 846.  Also indicted was Andrew MISURACO's brother, Austin MISURACO, Andrew CRAWFORD, Alexander CRAWFORD, Darlin CONTRERAS-LANTIGUA,  Quentin MOORE, and one other defendant.

20.     Case agents reviewed recorded calls made by Austin MISURACO while in custody at the Milwaukee County House of Corrections.  On December 23, Austin MISURACO made a recorded call to his brother Andrew MISURACO at the number of 414-331-7262 (Call # 274930527). Andrew MISURACO began the call by telling Austin, "Brother you've been indicted with everybody." Austin asked, "who's everybody?"  Andrew MISURACO stated, "they're missing two, but they have in custody so far, you, Fat, the twins, both of them, dumb and dumber, our haircut dude, our hair cut guy but the one the twins fuck with the most." Based on the investigation into this DTO, case agents learned that "Fat" is a nickname for Quentin MOORE.  Further, Andrew CRAWFORD and Alexander CRAWFORD are twin brothers and Darlin CONTRERAS-LANTIGUA is a barber. Later in the call, Andrew MISURACO tells Austin that there are two names "blacked out."  I know that one of the names redacted from the indictment was Andrew MISURACO.  Austin MISURACO then told Andrew MISURACO "You need to be low, and everyone else needs to be low."

21.     Also on December 23, 2022, Austin MISURACO made a recorded phone call from the Milwaukee County House of Corrections to his mother, Jessica Misuraco at the number of 414-242-6854 (call #274924731). The call began with MISURACO's mother reading information from the indictment to Austin MISURACO.  During the call, Austin MISURACO

11

asked his mother, "did you look up Drew name."  MISURACO's mother told Austin MISURACO that "it doesn't show up."  Based on the investigation into this DTO, case agents know that Austin MISURACO refers to his brother, Andrew MISURACO, as "Drew."

22.     On December 24, 2022, Austin MISURACO made a recorded phone call from the Milwaukee County House of Corrections to an unknown male subject at the number of 414-578-8397 (call#274936745). Austin MISURACO greeted this subject as "Pops."  During the call, Austin MISURACO discussed being indicted by the federal government.  Austin MISURACO told the unknown male, "Tell your son, Drew to have his affairs in order in case they to come pick him up."

23.     On January 10, 2023, case agents responded to 4357 South 20th Street, Milwaukee WI to execute the federal arrest warrant of Andrew MISURACO.  Case agents took Andrew MISURACO into custody. Andrew MISURACO was in possession of a blue Apple iPhone with a black case at the time of his arrest.

24.     On January 10, 2023, case agents conducted a consent search of the residence located at 4357 South 20th  Street, Milwaukee, WI where Andrew MISURACO was taken into custody and residing at the time. In addition to eight loaded firearms and numerous ammunitions in the residence, case agents recovered a black, Apple iPhone with a cracked screen located inside a large gun safe in the living room of the residence.

25.     I know that persons (to include Andrew MISURACO) who engage in ongoing criminal drug trafficking utilize cellular devices to further their activities. I know that drug traffickers utilize cellular devices to maintain contact with other affiliates and store information relating to drug trafficking. I know that evidence of drug trafficking can be held on the photographs, videos, call logs, text messages, contact lists, and otherwise stored digital

information. I know that drug traffickers often record images and/or videos depicting narcotic evidence, maintain contact with others regarding drug trafficking through cellular devices which would be recorded in call logs and text messages, as well as maintain a contact list of affiliates within their cellular devices for personal reference and use. I know that additional evidence of drug trafficking would be stored within other digital stored memory of the cellular devices, and that law enforcement investigators could retrieve the electronically stored evidence if accessible.

26.     These devices are currently in the lawful possession of the DOJ-DCI and the Milwaukee Police Department.

27.     Based on my training and experience and work with fellow law enforcement, I know that these devices have been stored in a way its contents are, to the extent material to this investigation, in substantially the same state as they were when the devices first came into the possession of the DOJ-DCI.

## TECHNICAL TERMS

28.     Based on my training and experience, I use the following technical terms to convey the following meanings:

    a.  Wireless telephone:  A wireless telephone (or mobile telephone, or cellular telephone) is a handheld wireless device used for voice and data communication through radio signals.  These telephones send signals through networks of transmitter/receivers, enabling communication with other wireless telephones or traditional "land line" telephones.  A wireless telephone usually contains a "call log," which records the telephone number, date, and time of calls made to and from the phone.  In addition to enabling voice communications, wireless telephones offer a broad range of capabilities.  These capabilities include storing

13

names and phone numbers in electronic "address books;" sending, receiving, and storing text messages and e-mail; taking, sending, receiving, and storing still photographs and moving video; storing and playing back audio files; storing dates, appointments, and other information on personal calendars; and accessing and downloading information from the Internet. Wireless telephones may also include global positioning system ("GPS") technology for determining the location of the device.

b.  Digital camera:  A digital camera is a camera that records pictures as digital picture files, rather than by using photographic film.  Digital cameras use a variety of fixed and removable storage media to store their recorded images. Images can usually be retrieved by connecting the camera to a computer or by connecting the removable storage medium to a separate reader.  Removable storage media include various types of flash memory cards or miniature hard drives.  Most digital cameras also include a screen for viewing the stored images. This storage media can contain any digital data, including data unrelated to photographs or videos.

c.  GPS:  A GPS navigation device uses the Global Positioning System to display its current location.  It often contains records the locations where it has been.  Some GPS navigation devices can give a user driving or walking directions to another location.  These devices can contain records of the addresses or locations involved in such navigation.  The Global Positioning System (generally abbreviated "GPS") consists of 24 NAVSTAR satellites orbiting the Earth.  Each satellite contains an extremely accurate clock.  Each satellite repeatedly transmits by radio

14

a mathematical representation of the current time, combined with a special sequence of numbers. These signals are sent by radio, using specifications that are publicly available. A GPS antenna on Earth can receive those signals. When a GPS antenna receives signals from at least four satellites, a computer connected to that antenna can mathematically calculate the antenna's latitude, longitude, and sometimes altitude with a high level of precision.

d. IP Address: An Internet Protocol address (or simply "IP address") is a unique numeric address used by computers on the Internet. An IP address is a series of four numbers, each in the range 0-255, separated by periods (e.g., 121.56.97.178). Every computer attached to the Internet computer must be assigned an IP address so that Internet traffic sent from and directed to that computer may be directed properly from its source to its destination. Most Internet service providers control a range of IP addresses. Some computers have static—that is, long-term—IP addresses, while other computers have dynamic—that is, frequently changed—IP addresses.

e. Internet: The Internet is a global network of computers and other electronic devices that communicate with each other. Due to the structure of the Internet, connections between devices on the Internet often cross state and international borders, even when the devices communicating with each other are in the same state.

29. Based on my training, experience, and research, I know that the Devices have capabilities that allow it to serve as a wireless telephone, digital camera and video recorder, portable media player, internet web browser, and GPS navigation device. In my training and

15

experience, examining data stored on devices of this type can uncover, among other things, evidence that reveals or suggests who possessed or used the devices.

## ELECTRONIC STORAGE AND FORENSIC ANALYSIS

30.     Based on my knowledge, training, and experience, I know that electronic devices can store information for long periods of time. Similarly, things that have been viewed via the Internet are typically stored for some period of time on the device. This information can sometimes be recovered with forensics tools.

31.     *Forensic evidence.*  As further described in Attachment B, this application seeks permission to locate not only electronically stored information that might serve as direct evidence of the crimes described on the warrant, but also forensic evidence that establishes how the Devices was used, the purpose of its use, who used it, and when.  There is probable cause to believe that this forensic electronic evidence might be on the Devices because:

       f.   Data on the storage medium can provide evidence of a file that was once on the storage medium but has since been deleted or edited, or of a deleted portion of a file (such as a paragraph that has been deleted from a word processing file). Virtual memory paging systems can leave traces of information on the storage medium that show what tasks and processes were recently active.  Web browsers, e-mail programs, and chat programs store configuration information on the storage medium that can reveal information such as online nicknames and passwords.  Operating systems can record additional information, such as the attachment of peripherals, the attachment of USB flash storage devices or other external storage media, and the times the computer was in use. Computer file

16

systems can record information about the dates files were created and the sequence in which they were created.

g. Forensic evidence on a device can also indicate who has used or controlled the device. This "user attribution" evidence is analogous to the search for "indicia of occupancy" while executing a search warrant at a residence.

h. A person with appropriate familiarity with how an electronic device works may, after examining this forensic evidence in its proper context, be able to draw conclusions about how electronic devices were used, the purpose of their use, who used them, and when.

i. The process of identifying the exact electronically stored information on a storage medium that is necessary to draw an accurate conclusion is a dynamic process. Electronic evidence is not always data that can be merely reviewed by a review team and passed along to investigators. Whether data stored on a computer is evidence may depend on other information stored on the computer and the application of knowledge about how a computer behaves. Therefore, contextual information necessary to understand other evidence also falls within the scope of the warrant.

j. Further, in finding evidence of how a device was used, the purpose of its use, who used it, and when, sometimes it is necessary to establish that a particular thing is not present on a storage medium.

32.  *Nature of examination.*  Based on the foregoing, and consistent with Rule 41(e)(2)(B), the warrant I am applying for would permit the examination of the Devices consistent with the warrant. The examination may require authorities to employ techniques,

17

including but not limited to computer-assisted scans of the entire medium, that might expose many parts of the devices to human inspection in order to determine whether it is evidence described by the warrant.

33.    *Manner of execution.*  Because this warrant seeks only permission to examine the Devices already in law enforcement's possession, the execution of this warrant does not involve the physical intrusion onto a premises. Consequently, I submit there is reasonable cause for the Court to authorize execution of the warrant at any time in the day or night.

## CONCLUSION

34.    Based on the above information provided in this affidavit, I believe there is probable cause that the Devices contains evidence of Andrew CRAWFORD violations of conspiracy to possess with the intent to distribute controlled substances in violation of Title 21, Untied States Code, Section 841(a)(1) and 846.

18

## ATTACHMENT A
### Property to be Search

35.     The property to be searched are the two cellular phones, from Andrew MISURACO

MISURACO and at his residence of 4357 South 20th Street, Milwaukee WI, recovered on

January10, 2023, more fully described as the following, hereinafter referred as the "Devices":

      c) Blue Apple iPhone that is currently held as evidence inside the DOJ-DCI's
Milwaukee Field Office located in Milwaukee, Wisconsin; and

      d) Black Apple iPhone with a cracked screen that is currently held as evidence
inside the Milwaukee Police Department, Police Administration Building,
located in Milwaukee, Wisconsin.

This warrant authorizes the forensic examination of the devices for the purposes of

identifying the electronically stored information described in Attachment B.

19

**<u>ATTACHMENT B</u>**
**Particular Things to be Seized**

1.　　All records and information on the Devices described in Attachment A that relate to a violation of Title 21 U.S.C. § 841(a)(1) and 846, conspiracy to possess with the intent to distribute controlled substances, including:

     a.　Preparatory steps taken in furtherance of this crime;

     b.　Any audio, video, and/or photograph(s) files on the phone of criminal activity or of evidentiary value;

     c.　All voicemail and call records;

     d.　All text messages and call history;

     e.　Contact list, to include names, addresses, phone numbers, and/or email addresses;

     f.　All social media sites used and applications for social media sites;

     g.　Lists of customers and related identifying information;

     h.　Types, amounts, and prices of drugs trafficked as well as dates, places, and amounts of specific transactions;

     i.　Types, quantities, and prices of firearms possessed;

     j.　Any information related to sources of drugs (including names, addresses, phone numbers, or any other identifying information); and,

     k.　All bank records, checks, credit card bills, account information, and other financial records.

     l.　All internet activity;

     m.　All location data including from the phone and/or from any downloaded applications;

2.　　Evidence of user attribution showing who used or owned the Devices at the time the things described in this warrant were created, edited, or deleted, such as logs, phonebooks, saved usernames and passwords, documents, and browsing history;

3.     Records evidencing the use of the Internet Protocol address to communicate with using the internet including:

    a.  records of Internet Protocol addresses used;

    b.  records of Internet activity, including firewall logs, caches, browser history and cookies, "bookmarked" or "favorite" web pages, search terms that the user entered into any Internet search engine, and records of user-typed web addresses.

As used above, the terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored, including any form of computer or electronic storage (such as flash memory or other media that can store data) and any photographic form.

This warrant authorizes a review of electronic storage media and electronically stored information seized or copied pursuant to this warrant in order to locate evidence, fruits, and instrumentalities described in this warrant. The review of this electronic data may be conducted by any government personnel assisting in the investigation, who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, and technical experts. Pursuant to this warrant, the DOJ-DCI may deliver a complete copy of the seized or copied electronic data to the custody and control of attorneys for the government and their support staff for their independent review.